NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHAR-RIK MOLLEY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-6431 (NLH) |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC CITY PARAMEDICS, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SHAR-RIK MOLLEY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-6432 (NLH) |
| | : | |
| v. | : | |
| | : | |
| DR. STEVEN GIAMPACARO, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SHAR-RIK MOLLEY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 10-6433 (NLH) |
| | : | |
| v. | : | |
| | : | |
| ATLANTIC CITY HOSPITAL, et al., | : | |
| | : | |
| Defendants. | : | |

**O P I N I O N**

**APPEARANCES:**

> SHAR-RIK MOLLEY, Plaintiff pro se
> #189299
> Atlantic County Justice Facility
> 5060 Atlantic Avenue
> Mays Landing, New Jersey 08330

**HILLMAN**, District Judge

Plaintiff, Shar-Rik Molley ("Molley"), a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he submitted the above-captioned Complaints for filing, seeks to bring these actions in forma pauperis.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At the outset, the Court has determined, sua sponte, that the three actions filed by Molley should be consolidated, pursuant to Fed.R.Civ.P. 42(a), because the actions involve common questions of law and fact arising from the same incident. Moreover, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court must review the three Complaints at this time to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaints should be dismissed without prejudice for failure to state a cognizable claim of a federal

2

constitutional violation at this time, and for failure to assert
facts to support diversity jurisdiction under 28 U.S.C. § 1332.

## I.  BACKGROUND

Plaintiff Molley brings these civil actions, pursuant to 42
U.S.C. § 1983, against the following defendants: as to Civil No.
10-6431 (NLH), the Atlantic City Paramedics, Ms. Michele Doe and
Michael Doe; as to Civil No. 10-6432 (NLH), Dr. Steven
Giampacaro, Dr. Chris Giampacaro, and CFG Health Systems; and as
to Civil No. 10-6433 (NLH), the Atlantic City Hospital and the
AtlanticCare doctors.  (Complaints, Caption and ¶¶ 3b, 3c and 4).
The following factual allegations are taken from the Complaints,
and are accepted for purposes of this screening only.  The Court
has made no findings as to the veracity of plaintiff's
allegations.

Molley alleges that, on or about June 15, 2010, he was
involved in a serious car accident where he allegedly sustained
injuries.  He states that, on that date, the Atlantic City
Paramedics, and in particular, Michele Doe and Michael Doe,
failed to diagnose plaintiff's head trauma, treating his scalp
wound superficially with a cleaning solution to rinse away the
blood, and then told plaintiff to walk to the hospital if he
wanted further treatment.  (Civil No. 10-6431 (NLH) Complaint at
¶¶ 3c and 4).

Molley further alleges that defendants Dr. Steven Giampacaro
and Dr. Chris Giampacaro, his primary care doctors, provided

negligent medical care to plaintiff after his June 15, 2010 car accident.  Molley alleges that the doctors sent him to a lawyer first before providing treatment.  The doctors then prescribed plaintiff Zanax, Percocet and "Lowpressor", as well as therapy. Molley contends that the medication caused him to have seizures and amnesia, and he would forget his therapy sessions.  He further complains that Dr. Giampacaro did not make an appointment for plaintiff to see a neurologist (although the hospital allegedly had recommended it) until after Molley missed several therapy sessions due to memory loss.  (Civil No. 10-6432 (NLH) Complaint at ¶¶ 3b and 4).

Finally, Molley alleges that the Atlantic City Hospital and the AtlanticCare doctors at the hospital provided negligent care after plaintiff's June 15, 2010 car accident from which he allegedly suffered a black out or loss of consciousness.  Molley claims that these defendants failed to diagnose his head trauma after a CAT scan, and basically treated plaintiff "as if nothing was actually wrong with [him]."  (Civil No. 10-6433 (NLH) Complaint at ¶¶ 3b and 4).

Molley seeks monetary compensation from the defendants for their negligent care.  Namely, he asks that his medical bills be paid and that the defendants be held responsible for their inaction and negligent care.  (Complaints at ¶ 5 "Relief").

4

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-
134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996),
requires a district court to review a complaint in a civil action
in which a prisoner is proceeding in forma pauperis or seeks
redress against a governmental employee or entity.  The Court is
required to identify cognizable claims and to sua sponte dismiss
any claim that is frivolous, malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a
defendant who is immune from such relief.  28 U.S.C. §§
1915(e)(2)(B) and 1915A.  This consolidated action is subject to
sua sponte screening for dismissal under both 28 U.S.C. §
1915(e)(2)(B) an
§ 1915A.

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94
(2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and
Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

5

need not, however, credit a pro se plaintiff's "bald assertions"

or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis

either in law or in fact."  Neitzke v. Williams, 490 U.S. 319,

325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  Deutsch v. United

States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S.

at 93-94 (In a pro se prisoner civil rights complaint, the Court

reviewed whether the complaint complied with the pleading

requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard

for summary dismissal of a Complaint that fails to state a claim

in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before

the Supreme Court was whether Iqbal's civil rights complaint

adequately alleged defendants' personal involvement in

discriminatory decisions regarding Iqbal's treatment during

detention at the Metropolitan Detention Center which, if true,

violated his constitutional rights.  Id.  The Court examined Rule

8(a)(2) of the Federal Rules of Civil Procedure which provides

that a complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the

proposition that "[a] pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting

Twombly, 550 U.S. at 555), the Supreme Court identified two

working principles underlying the failure to state a claim

standard:

> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to
> legal conclusions.  Threadbare recitals of the elements of a
> cause of action, supported by mere conclusory statements, do
> not suffice ... .  Rule 8 ... does not unlock the doors of
> discovery for a plaintiff armed with nothing more than
> conclusions.  Second, only a complaint that states a
> plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for
> relief will ... be a context-specific task that requires the
> reviewing court to draw on its judicial experience and
> common sense.  But where the well-pleaded facts do not
> permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged-but it has not
> "show[n]"-"that the pleader is entitled to relief."  Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin
> by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be
simple, concise, and direct.  No technical form is required."
Fed.R.Civ.P. 8(d).

> complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

---

[2]  In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

First, the factual and legal elements of a claim should be
separated.  The District Court must accept all of the
complaint's well-pleaded facts as true, but may disregard
any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50].
Second, a District Court must then determine whether the
facts alleged in the complaint are sufficient to show that
the plaintiff has a "plausible claim for relief." [Id.]  In
other words, a complaint must do more than allege the
plaintiff's entitlement to relief.  A complaint has to
"show" such an entitlement with its facts.  See Phillips,
515 F.3d at 234-35.  As the Supreme Court instructed in
Iqbal, "[w]here the well-pleaded facts do not permit the
court to infer more than the mere possibility of misconduct,
the complaint has alleged-but it has not 'show [n]'-'that
the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
1949-50].  This "plausibility" determination will be "a
context-specific task that requires the reviewing court to
draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this

pro se pleading must be construed liberally in favor of

Plaintiff, see Erickson v. Pardus, 551 U.S. 89 (2007), a

principle we apply even after Iqbal.  Moreover, a court should

not dismiss a complaint with prejudice for failure to state a

claim without granting leave to amend, unless it finds bad faith,

undue delay, prejudice or futility. See Grayson v. Mayview State

Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213

F.3d 113, 117 (3d Cir. 2000).

III.   SECTION 1983 ACTIONS

Plaintiff brings this consolidated action pursuant to 42

U.S.C. § 1983.   Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.   West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

IV.   ANALYSIS

It appears from plaintiff's allegations in his Complaints

that Molley is asserting claims of medical negligence against the

defendants for their failure to diagnose plaintiff's head trauma

or provide proper medical care for his alleged injuries from a

car accident.   Plaintiff's claim of medical negligence fails to

state a claim of a federal constitutional violation.   See

Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Schwartz v.

County of Montgomery, 843 F. Supp. 962 (E.D. Pa.), aff'd, 37 F.3d

1488 (3d Cir. 1994) (mere negligence insufficient to support a

10

§ 1983 action for violation of the Eighth or Fourteenth

Amendments).  Moreover, plaintiff's allegations show that the

named defendants are not state actors subject to § 1983

liability.

Consequently, this consolidated action may proceed under

federal jurisdiction only if plaintiff can show diversity

jurisdiction, namely, that plaintiff and defendants are citizens

of different states, or if plaintiff is a citizen of a state and

defendant is a citizen of a foreign state, and the amount in

controversy exceeds the sum of $75,000.00, exclusive of interest

and costs.  28 U.S.C. § 1332.  Under § 1332, a corporation is

deemed to be a citizen of the state in which it is incorporated

and the state in which it has its principal place of business.

It has long been recognized that, to found jurisdiction upon

§ 1332, there must be complete diversity among all parties, *i.e.*,

each plaintiff must be a citizen of a different state from each

defendant.  Owen Equipment and Erection Co. V. Kroger, 437 U.S.

365 (1978).  In particular, if a sole plaintiff and any one of

several defendants are citizens of the same state, complete

diversity is lacking and the action would have to be dismissed

for lack of jurisdiction.  Id.

In the present case, the Complaint fails to state anything

about the citizenship of the defendants, and it appears likely

that the defendants are citizens of the State of New Jersey where

the incident at issue occurred.  Molley fails to provide any

information as to defendants' domicile or residence.  However, it is clear that Molley is confined here in the State of New Jersey. Therefore, the Complaint does not assert complete diversity between plaintiff and defendants necessary to satisfy § 1332(a). Additionally, Molley fails to allege that his matter in controversy exceeds the sum or value of $75,000.00.

Accordingly, because the Complaint fails to assert diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and there is no federal question jurisdiction over any state law claim that may be construed from the Complaint against any of the named defendants (who are not state actors), pursuant to 28 U.S.C. § 1331, this Court will dismiss the Complaints in this consolidated action without prejudice for failure to allege sufficient facts to establish federal jurisdiction.  The dismissal, pursuant to 28 U.S.C. § 1915(e), is without prejudice to plaintiff's right to file an amended complaint within forty-five (45) days if there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  In other words, Molley may seek to reopen this consolidated case if he can show facts to support diversity jurisdiction as set forth above.

## IV.  CONCLUSION

For the reasons set forth above, the Court will consolidate the Complaints filed in Civil No. 10-6431 (NLH), Civil No. 10-6432 (NLH) and Civil No. 10-6433 (NLH), pursuant to Fed.R.Civ.P.

42(a), and the consolidated action will be dismissed without

prejudice, in its entirety as against all named defendants,

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(B)(1), for

failure to state a claim upon which relief may be granted at this

time, and for failure to support diversity jurisdiction under 28

U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. §

1331.   An appropriate order follows.


                                    /s/ Noel L. Hillman
                                   NOEL L. HILLMAN
                                   United States District Judge
Dated: June 13, 2011


At Camden, New Jersey